1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10   LINDA M KANE,                              CASE NO. C13-1731 MJP

11                    Plaintiff,               ORDER ON REPORT AND
                                               RECOMMENDATION
12        v.

13   CAROLYN COLVIN,

14                    Defendant.

15

16        THE COURT, after careful consideration of the Honorable Magistrate Judge John L.

17   Weinberg's Report and Recommendation (Dkt. No. 21), Plaintiff Linda M. Kane's Objections to

18   Report and Recommendation (Dkt. No. 22), and Defendant Carolyn W. Colvin's Response to

19   Plaintiff's Objections (Dkt. No. 23), ADOPTS the Report and Recommendation as to Plaintiff's

20   second, third, and fourth issues, and DECLINES TO ADOPT the Report and Recommendation

21   as to Plaintiff's first issue.  Finding legal error in the weight accorded to the opinion of treating

22   physician Timothy Burner by the ALJ, the Court REVERSES the Commissioner's decision and

23   REMANDS the case for further proceedings consistent with this opinion.

24

**Background**

Plaintiff's Objections raises three issues: (1) whether proper weight was given to treating physician Timothy Burner's opinion; (2) whether the opinion of Cheryl Hart, Psy. D., was properly considered; and (3) whether the finding that Plaintiff had past relevant work as a bookkeeper was correct. (Dkt. No. 22 at 2.) Plaintiff raises a fourth issue at step five, but this was not reached by Judge Weinberg's Report and Recommendation because the ALJ's step four finding was affirmed. (Id.) Plaintiff now asks the Court to decline to adopt the Report and Recommendation and to remand the case for further consideration. (Id. at 10.)

**Discussion**

I.      Legal Standard

Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

II.     Whether ALJ gave sufficient reason for rejecting opinion of Timothy Burner

The Court finds the ALJ erred by giving "little weight" to the opinion of treating physician Timothy Burner without legitimate reasoning supported by substantial evidence in the record. The Court finds the error was not harmless because it was significant to the ALJ's ultimate disability determination, and therefore REVERSES the determination and REMANDS the case to the Social Security Administration for further proceedings consistent with this order.

A.      Evidence in the record

An ALJ may not reject a treating physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Orn v. Astrue, 495 F.3d 625,

1   632-33 (9th Cir. 2007).  The ALJ gave "little weight" to Dr. Burner's opinion because Dr.

2   Burner did not attach any medical evidence or narrative statement to explain his opinion, and

3   because the ALJ found his treatment notes inconsistent with his disability opinion.  (Dkt. No. 21

4   at 7-8.)

5           The Court agrees with Judge Weinberg that, contrary to the ALJ's determination, the

6   record contains medical evidence which Dr. Burner relied on, some of which is cited to by the

7   ALJ, and that nothing in Dr. Burner's treatment records directly contradicts the opinions he

8   expressed on the disability forms.  (Dkt. No. 21 at 7-8.)  The Court agrees with Plaintiff,

9   however, that Dr. Burner's opinion contained narrative statements which explain his opinions.

10  Dr. Burner states, for example, that "pain and weakness both arms from scar tissue from prior

11  infections, prior ulnar nerve damage," would affect the amount of weight Plaintiff could lift.

12  (Dkt. No. 14-8 at 109.)  This was not accounted for by the ALJ.  Dr. Burner also explains that

13  scar tissue and contracture in Plaintiff's arms affect her reaching, handling, fingering, feeling,

14  and pushing/pulling abilities.  (Id. at 111-12.)  This is also not discussed by the ALJ's opinion.

15          The ALJ then found that Dr. Burner's 2011 disability opinion was not consistent with his

16  own medical records because there is no previous mention of ulnar nerve damage or of knee

17  pain.  (Dkt. No. 14-2 at 30.)  The ALJ concluded that because there is no explanation for this

18  discrepancy, Dr. Burner's opinion was entitled to "little weight."  (Id.)  However, earlier in the

19  ALJ's opinion, the ALJ cites to a 2003 diagnosis by Dr. Burner of tendonitis in Plaintiff's knee.

20  (Dkt. No. 14-2 at 28.)  This tendonitis is referenced by Dr. Burner in his August 2011 opinion

21  form.  (Dkt. No. 14-8 at 111.)  The ALJ's determination that there is "no mention of knee pain"

22  in the record is not supported by substantial evidence, as demonstrated by this internal

23  inconsistency within the ALJ's own opinion.

24

1    While there is no specific ulnar nerve damage diagnosis in the record, Dr. Burner states

2    that he has been treating Plaintiff's arms since 2000, and mentions several issues with Plaintiff's

3    arms relevant to a disability determination regarding Plaintiff's ability to lift, push, pull etc.

4    (Dkt. No. 14-8 at 109.)  Dr. Burner's lengthy history of treatment of Plaintiff's arms, and the

5    insight that affords, is exactly why the Social Security Administration has instructed that greater

6    weight be given to a treating physician's opinion.  The ALJ's decision to discount the opinion of

7    a treating physician based only on one reference to ulnar nerve damage when that physician has

8    treated Plaintiff's arms for more than a decade is not grounded in legitimate reasoning supported

9    by substantial evidence in the record.

10              B.        Harmless error

11    The Court finds legal error in the ALJ's determination of the weight to be afforded to Dr.

12    Burner's opinion and concludes that the error was not harmless.

13    The opinions of treating physicians are entitled to more weight because they are "most

14    able to provide a detailed, longitudinal picture of [an individual's] medical impairment(s) and

15    may bring a unique perspective to the medical evidence that cannot be obtained from the

16    objective medical findings alone or from reports of individual examinations, such as consultative

17    examinations or brief hospitalizations…" 20 C.F.R. § 404.1527(c)(2).  For this reason, an ALJ

18    may not reject a treating physician's opinion without providing specific and legitimate reasons

19    supported by substantial evidence in the record.  Orn, 495 F.3d at 632-33.

20    Nevertheless, the Ninth Circuit has "recognized that harmless error principles apply in

21    the Social Security Act context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).  The

22    court noted that "in each case we look at the record as a whole to determine [if] the error alters

23    the outcome of the case." Id. The court also noted that the Ninth Circuit has "adhered to the

24

1 general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate

2 nondisability determination.'" Id.

3      The Court agrees with Judge Weinberg, and Plaintiff, that the "ALJ's choice between

4 [Dr. Burner's opinion and that of the nontreating physicians] is of significance to the result in

5 this case." (Dkt. No. 21 at 7.)  The ALJ found that the condition of Plaintiff's arms was not a

6 severe limitation because her arms were "healing well" by September 2009, and there was "no

7 objective evidence that the claimant's arm infections and skin grafts have caused more than a

8 minimal limitation in the claimant's ability to perform basic work activities." (Dkt. No. 14-2 at

9 24.)  Dr. Burner provides this objective medical evidence, finding in March and August of 2011

10 that Plaintiff's arms had not healed as well as may have been expected in 2008-2009 and that

11 their condition limited her ability to work.  The ALJ's decision not to credit the relevant medical

12 evidence was harmful.

13      The Court finds this error especially significant in light of the ALJ's mistake regarding

14 the date on which Plaintiff last used drugs.  The ALJ misunderstood Plaintiff's testimony at the

15 hearing, thinking that Plaintiff claimed to have stopped using drugs in December 2009.  (Dkt.

16 No. 14-2 at 29.)  Plaintiff testified at the October 2011 hearing that she had last used drugs "last

17 December," which would have been December 2010, not December 2009.  (Dkt. No. 14-2 at 71.)

18 Plaintiff's testimony is supported by monthly drug screenings, which tested positive for drug use

19 through December 2010 but tested negative beginning in January 2011.  (Dkt. No. 21 at 5.)

20 These dates are significant because Dr. Burner's March and August 2011 opinions were based on

21 Plaintiff's condition after she had stopped using drugs, and are the best evidence of Plaintiff's

22 condition, including the healing status of arm grafts, after she stopped using drugs.  The 2011

23 opinions are far more relevant in this regard than 2008 and 2009 opinions which note healing and

24

1  continued improvement because improvement in 2008 and 2009 (when Plaintiff was still using

2  drugs) does not guarantee results in 2011 and thereafter.

3          The Court finds the ALJ erred in not affording proper weight to the opinion of treating

4  physician Timothy Burner, and the error was harmful because it was significant to the ultimate

5  disability determination.  Therefore, the Court REVERSES the Commissioner's final decision

6  and REMANDS the case for further proceedings in accordance with this order.

7          III.      Whether the opinion of Cheryl Hart was properly considered

8           The Court finds the ALJ did not err in considering the opinion of Cheryl Hart.

9          Doctor Hart opined that Plaintiff was "able to maintain CPP and understand, remember

10  and execute 3-step tasks.  She may have intermittent challenges to CPP due to intoxication,

11  withdrawal, or other substance-related issues." (Dkt. No. 22 at 7.)  Plaintiff argues that this

12  opinion means that Plaintiff is <u>limited</u> to three-step tasks, and that the ALJ did not give a reason

13  for rejecting this opinion.  (<u>Id.</u>)  The Court agrees with Judge Weinberg that it is not clear from

14  Dr. Hart's opinion that Plaintiff could perform three-step tasks <u>but nothing more</u>, as Plaintiff

15  argues.

16          Judge Weinberg further found that Dr. Hart's opinion reflected Plaintiff's capabilities

17  during a period of heavy drug use, and that nothing in the report suggests Dr. Hart would find

18  Plaintiff so limited when she stopped abusing drugs.  (Dkt. No. 21 at 9.)  The Court agrees.

19          The Court finds Plaintiff's arguments unsupported by the record.  (Dkt. No. 21 at 9.)  The

20  ALJ properly considered Dr. Hart's opinion and drew appropriate conclusions from it.  The

21  Court therefore ADOPTS the Report and Recommendation as to this issue.

22

23

24

1    IV.    Whether Plaintiff was correctly found to have past relevant work as bookkeeper

2    The Court finds the ALJ did not err in finding Plaintiff had past relevant work as a

3    bookkeeper.

4    There is conflicting evidence in the record about Plaintiff's past work as a bookkeeper.  A

5    computer generated earnings statement shows no earnings since 1985.  (Dkt. No. 21 at 10.)

6    However, Plaintiff herself indicated during interviews that she was working as a bookkeeper full-

7    time until 1999.  (Id.)  At the hearing before the ALJ, Plaintiff testified that she worked as a

8    bookkeeper until she was 45 years old, which would have been 2002.  (Id.)

9    Plaintiff argues the ALJ erred by finding that Plaintiff had past relevant work as a

10   bookkeeper because the ALJ did not explicitly reconcile this conflicting evidence.  (Dkt. No. 22

11   at 8-9.)  The Court agrees with Judge Weinberg that the ALJ's finding that Plaintiff had past

12   relevant work as a bookkeeper is supported by substantial evidence in the record, and

13   consequently ADOPTS the Report and Recommendation as to this issue.

14                                    **Conclusion**

15   The Court finds legal error in the ALJ's decision to afford "little weight" to the opinion

16   of treating physician Timothy Burner, a decision that was not based on legitimate reasoning and

17   was not supported by substantial evidence in the record.  Although the Court has not found legal

18   error in the ALJ's weighing of other evidence, the weight of the evidence as a whole may be

19   different on remand.  Therefore, on remand, the ALJ should review Plaintiff's case de novo.

20   The Court hereby ADOPTS the Report and Recommendation of the Honorable

21   Magistrate Judge John L. Weinberg as to Plaintiff's second, third, and fourth issues but

22   DECLINES TO ADOPT the Report and Recommendation as to Plaintiff's first issue, the weight

23   accorded to Timothy Burner's opinion.  The Court REVERSES the Commissioner's final

24

1  decision and REMANDS the case to the Social Security Administration for further proceedings

2  consistent with this order.

3

4       The clerk is ordered to provide copies of this order to all counsel.

5       Dated this 25th day of November, 2014.

6

7

8

           Marsha J. Pechman
9          Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON REPORT AND
RECOMMENDATION- 8